## DEMBY V. PARSE.

Decided November 15, 1890.

*Fixture—Life-tenant—Dwelling house.*

> A tenant for life cannot remove from the freehold a dwelling house affixed thereto during his tenancy.

APPEAL from *Jefferson* Circuit Court in Chancery.

JOHN A. WILLIAMS, Judge.

*U. M. & G. B. Rose* for appellant.

1. After the dismissal of appellee's cross-complaint, there was left simply an action of ejectment; and there should have been a judgment for possession and for damages for waste and rents. There was nothing for the court to do, except ascertain the rental value and waste, and render judgment for the amount and possession. 31 Ark., 335.

2. As to the removal of the improvements. Their removal was sheer waste. It is true that houses built by one upon the land of another may by consent of parties remain personal property and removable at will by the builder. But where the permission is accorded by a life-tenant, the removal must be made during his life, or within a reasonable time after his death, and any unnecessary delay vests the ownership in the remainderman. 1 Wash., R. P., ch. 1, par. 30, *a;* Wood, Land. and T., 907.

A reasonable time means that it shall be removed with all convenient dispatch. 98 Mass., 55.

Ground rent should have been taxed against defendant.

*M. A. Austin* for appellee.

The evidence shows conclusively that the buildings removed were placed upon a part of the land claimed by appellant during the life of the life-tenant, and under the express

agreement that Elliott, the builder, should be the owner thereof. Under these circumstances, they are personal property, and could be removed within a reasonable time after the death of the life-tenant, and what is such, must depend upon the peculiar circumstances of each case. This is for the trial court, and it is within its discretion to say what was a reasonable time. 102 Mass., 193; 18 Mass., 49; 5 Pick. (Mass.), 490; 7 E. & B., 237; 4 Pick. (Mass.), 310 and note. See also 67 Me., 532; 40 Mo., 118; 14 Allen, 124; 11 Am. Dec., 238 and note; 5 Bush (Ky.), 37; 40 Ind., 49; 7 Barb., 263; 45 N. Y., 792; Ewell on Fixtures, pp. 148-9.

Elliott never abandoned or evinced any intention to abandon his right to these buildings; in fact they were partly on the land of his co-defendant, and he removed them while still in possession. 2 East., 88; 124 Mass., 576; 12 Wis., 172; 10 Bart., 509; 19 N. Y., 239; Ewell on Fixtures, p. 142.

The buildings were chattels. By agreement, they were to remain so. Their removal was not waste. 1 Wash., R. P., p. 134.

*U. M. & G. B. Rose* and *Chas. D. Greaves* for appellant. Additional argument.

1. The agreement between the life-tenant and his lessee did not bind the remainderman. 11 Ohio St., 482; 1 Whart., 91; L. R. 1 Exch., 159; Ewell on Fixtures, p. 154; Tiedeman on R. P., sec. 64; Wash., R. P. (4th ed.), p. 119 *e seq.;* 2 Hill (S. C.), 264; 3 Humph., 267; 23 Ala., 609; 45 Vt., 215; 81 N. C., 385; 5 Rich. (S. C.), Eq., 301; 2 Rich., Eq., 317; 60 Tex., 581; 127 Pa. St., 359; 40 Minn., 450; 24 Me., 528; 13 Pa. St., 438.

Nowhere is it held that a dwelling house erected for purposes of habitation is a removable fixture. 2 Pet., 137.

2. A reasonable time is, with all convenient dispatch considering the nature of the fixture and the circumstances of the

case. Ewell on Fixtures, 147; 1 Wash., R. P., ch. 1, par. 30, a; Wood, Land. & T., 907; 102 Mass., 194; 98 Mass., 55.

*M. A. Austin* for appellee.    Additional argument in reply.

1. The general rule that a tenant for life cannot bind the remainderman after his, the life-tenant's, death, is conceded. But by this agreement, these buildings *never became* fixtures, but were chattels. 38 N. H., 429; Ewell, Fixtures, pp. 66, 148; 117 Mass., 235; 64 N. C., 259; 1 Sweeney, 311; 30 Md., 347.

That these houses were personal property of Elliott is abundantly shown. Ewell, Fixt., 140; 27 Ark., 332; 48 N. H., 146; 118 Mass., 401; 4 Gray, 273; 10 Barb., 496; 1 Neb., 437; 48 Cal., 160.

In such cases it is immaterial what is the purpose, size, material or mode of construction of such buildings. 2 Pet., 137; Taylor, Land. and Ten., sec. 546; 43 Mo., 298; 39 Me., 519; 30 Md., 347. See also cases cited in former brief. Taylor on L. and T., p. 99; Taylor on L. and T. (7th ed.), sec. 552; 3 Cent. Law Jour., pp. 616, 617.

2. As to what is a reasonable time, see 40 Mo., 120; 4 Pick., 310; Tyler on Fixtures, 492; 102 Mass., 193; 28 Mo. App., 125; 6 Cent. Law Jour., 455.

Elliott was not a trespasser, and he removed the buildings before he quit the possession. They were partly on the land of appellee. 57 Me., 381; Taylor on Land. and T., sec. 551 and cases cited. 2 East., 88.

HUGHES, J. Appellant was the owner, and entitled to the possession, of a lot and a half of land in the city of Pine Bluff, which is described in the complaint. He was the heir at law of his grand-daughter, Lizzie Parse, Jr., who had died without issue, leaving her mother surviving, who afterwards died, leaving her husband, Melvin Parse, her surviving, and

he thereupon became tenant by the curtesy of these lots. He afterwards intermarried with the appellee and subsequently died, leaving appellee him surviving as his widow in possession of the lots, which she continued to occupy till this suit was commenced, living in the old residence, which was partly upon the lots and partly upon a strip of land owned by appellee between the lots and Barraque street in said city.

Melvin Parse, while tenant by the curtesy, gave John M. Elliott permission to erect a dwelling house and some other buildings on the lots, and agreed that he might remove them, which were removed by the appellee and himself on to the land of appellee, after Melvin Parse's death and without consent of appellant.

The circuit court awarded possession of the lots to appellant, gave him judgment for one-half the rents of the old residence, less the taxes, insurance and repairs, and awarded the remainder to appellee, but decreed that the buildings removed were the personal property of John M. Elliott. Appellant presents the case here by an appeal.

Had the tenant for life, or those claiming under him, the right to remove the buildings erected within the life-tenancy by John M. Elliott under the agreement made with him by Melvin Parse, the tenant by the curtesy, that he might erect and remove them ? Fixture— Dwelling house —Life-tenant.

The right of a tenant for years and of a life-tenant to remove fixtures erected by the tenant within his term has been much discussed, but generally not very satisfactorily. But we are relieved of the necessity of an extended discussion of it by the researches and able consideration and discussion of the identical question by Chancellor Cooper in the case of *Cannon v. Hare*, 1 Tenn. Chy. R., 22, in which he said : "The law of fixtures, particularly in the form of actual buildings, seems to be in a distressing state of uncertainty." And, after a full and satisfactory review of the text writers

and the leading cases upon this question, he thus sums up his conclusions:

"1. That the general rule is, that everything affixed to the freehold passes with the freehold, and that the rigor of this rule is only relaxed in exceptional cases.

"2. That this general rule will prevail even between landlord and tenant for years, unless the circumstances are such as to create an exception.

"3. That an exception does exist, in favor of tenant for years, in the case of buildings erected principally for the purpose of trade, or in the nature of trade, or outbuildings not attached to the soil.

"4. That no exception exists, in favor of such tenants, where the buildings are erected for use principally as dwelling houses, or with a view of adding to the yearly income.

"5. That it is doubtful how far a tenant for life is entitled to the exceptions in favor of tenant for years, but it is certain that the rule of exception as to him is of more 'limited range.'

"6. That the decisions, especially of late years, lay little stress upon the mode of attachment to the soil, and more upon the relations of the parties, the intention with which the buildings are erected, and the uses to which they are put. (See, now, *McDavid v. Wood*, 5 Heisk., 95.)"

Those who claim under the tenant for life in this case fail to bring themselves within any of the exceptions recognized by the authorities. It follows, therefore, that the appellant was entitled to recover possession of the lot and a half described in the complaint, with rents thereon from the date of the death of Melvin Parse, the life-tenant, including rents upon the houses removed, and to recover the value of the houses removed therefrom, with interest upon said rents from the time they were due, and upon the value of said houses removed from the date of removal, allowing the appellee one-half the rents of the old residence upon the line, after deducting sums expended by her for taxes, insurance and repairs.

The cause is reversed and remanded with instructions to enter a decree as indicated herein.

Supplemental opinion on motion to modify, November 22, 1890.

HUGHES, J. Upon the motion to modify the judgment of this court in this cause, we have carefully examined the evidence in the transcript, and the answer of the appellee to the complaint, and find that there is not sufficient evidence in the same to warrant the court in determining the situation of the four-room residence erected by John M. Elliott before its removal; that is, whether it was wholly on the lot and a half of appellant or partly on the strip of land of appellee. Wherefore said judgment is modified, and the question as to the location of said residence before its removal is remitted to the Jefferson circuit court for examination and determination upon further evidence in relation thereto.

That part of the judgment of this court which awards the value of rents for said four-room residence to appellant to the time of its removal, and the value of said building at the time of its removal to appellant, with interest on said amounts, is vacated.

With the exception of the modification and change indicated, the motion to modify is overruled, and the judgment will stand as heretofore rendered, with direction to the circuit court to hear further testimony in relation to the location of the said four-room residence, and to proceed in relation thereto in accordance with the principles determined in this cause.